Compiler

# IN THE SUPERIOR COURT
# OF GUAM

In the Matter of the Estate )    Probate Case No. PR0136-06
)
of )
)        **Decision and Order**
MASATAKA MARUYAMA, )    Re: Motion for Reconsideration
)
Deceased. )
)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 30, 2011. Tricia Torres Candoleta, the prior Administratix of the above-captioned estate was represented by Attorney Wayson W.S. Wong. Tamio S. Clark, Administrator of the above-captioned estate, was represented by Attorney Kevin J. Fowler. After considering the matter presented, the court now issues the following decision and order denying Mrs. Candoleta's motions for reconsideration.

## BACKGROUND

This matter arises out of a petition for letters of administration filed by Tricia Torres Candoleta on November 17, 2006. Shortly thereafter, Mrs. Candoleta was appointed Administratrix of the above-captioned estate. On April 24, 2009, Seiichiro Maruyama[1] and Mr. Clark petitioned the court for removal of Mrs. Candoleta as Administratrix and remedial relief. The court removed Mrs. Condoleta and appointed Mr. Clark as the successor Administrator for the above-captioned estate.

---

[1] Mr. Maruyama is the son of the decedent.



The court also found that Mrs. Candoleta fraudulently procured a sale of the estate's real property to herself. Additionally, the court found that Mrs. Candoleta embezzled rental proceeds belonging to the estate. Therefore, on August 18, 2009, the court ordered (1) that the Deed which Mrs. Candoleta obtained from Mr. Maruyama be declared null and void; (2) that the promissory note in the amount of $126,778.45 which Mrs. Candoleta obtained from Mr. Maruyama be declared null and void; (3) Mrs. Candoleta shall be liable for double damages pursuant to 15 GCA § 2355 for fraudulently procuring the sale of Unit 101 to herself; and (4) Mrs. Candoleta shall be liable for double damages pursuant to 15 GCA § 2625 for rental proceeds she embezzled.

On November 5, 2010, the court assessed damages in the amount of $236,000.00 against Mrs. Candoleta for fraudulently procuring the sale of Unit 101 to herself. The amount was based on the Unit's appraised value of $118,000.00, which was doubled pursuant to 15 GCA § 2355. On February 14, 2011, the Clerk of Court issued an abstract of judgment naming Mrs. Candoleta the judgment debtor; the Estate of Masataka Maruyama the judgment creditor; and the amount of judgment to be $236,000.00.

On February 17, 2011, Mrs. Candoleta filed motions for reconsideration for the above mentioned findings and orders. More specifically, Mrs. Candoleta moves the court to (1) set aside any and all findings, determinations and orders as to any fraud and/or embezzlement by Mrs. Candoleta in the court's August 18, 2009 order; (2) set aside the court's November 5, 2010 order assessing a penalty of $236,000.00 against Mrs. Candoleta; and (3) set aside the abstract of judgment issued by the Clerk of Court on February 14, 2011.

ORIGINAL

## DISCUSSION

The above mentioned findings and orders are interrelated with each other. The August 18, 2009 decision and order however, lays out the court's initial findings for which the latter two are based on. Thus, the court must first determine whether it can reconsider the August 18, 2009 decision and order.

**August 18, 2009 Decision and Order**

The court will consider the motion under the standard for Rule 60(b). Because Mrs. Candoleta argues error, lack of jurisdiction and unjust result, 60(b)(1), (4) and (6) apply to this case. Rule 60(b) provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

Guam R. Civ. P. 60(b).

Rule 60(b)(1) grants a court the discretion to relieve a party from any order or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. *Brown v. Eastman Kodak Co.*, 2000 WL 1732522, 2000 Guam 30, ¶32, (Guam Terr.)(citing *Pioneer Investment Serv., Inc. v. Brunswick Assoc.*, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497-98, 123 L.Ed.2d 74 (1993)). Rule 60(b)(4) allows relief from judgments or orders issued by a court in excess of its jurisdiction, *Alaimalo v. U.S.*, Criminal No. 96-00039, Civil No. 99-00106, Civil No. 03-00044, and Civil No. 06-00034, 2006 WL 3313298 (D.Ct.Guam

ORIGINAL

November 14, 2006). A judgment is void only if the court that rendered it lacked subject matter jurisdiction, lacked jurisdiction over the parties or if the court acted in a manner inconsistent with due process. See *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1988).

Rule 60(b)(6) may be used to relieve a party from an order for any justifying reason which falls outside the scope of subsections one (1) through five (5), *Pineda v. Pineda*, 2005 Guam 10, ¶20, and *Brown v. Eastman Kodak Co.*, 2000 Guam 30, ¶14. Additionally, motions made under subsections four (4) and six (6) must be made within a reasonable time after the order or judgment. G.R.C.P. Rule 60(b). In this case, Mrs. Candoleta's motion was filed 18 months after the court's August 18, 2009 decision and order. The court notes that Mrs. Candoleta's previous counsel was suspended from the bar for conduct in 2010 on February 8, 2011. Thus, Mrs. Candoleta had to obtain new counsel. Due to those circumstances, the Court finds that the motion is therefore timely under Rule 60(b)(4) and (6).[2]

Having concluded that the motion may be properly considered under Rule 60(b)(4) and (6), the court must now reach the question of whether the motion should be granted. Mrs. Candoleta requests the court to set aside any and all findings, determinations and orders as to any fraud and/or embezzlement. With regards to 60(b)(4), she argues that a Judge sitting in a probate case lacks the subject matter jurisdiction to make any ordinary fraud findings. She also argues that the court erroneously applied 15 GCA § 2355 to its August 18, 2009 decision and order.[3] That section provides,

---

[2] The court finds that 60(b)(1) does not apply because the motion was filed beyond one year.

[3] The court notes that this case was initially assigned to another Superior Court Judge. This court was not assigned this case until August 31, 2011.



A personal representative who fraudulently sells any real property of an estate contrary to or otherwise than under the provisions of this Chapter, is liable for double the value of the real property sold, as liquidated damages, to be recovered in an action by the person having an estate of inheritance therein.

15 GCA § 2355.

The above statute seems to suggest that a separate action by Mr. Maruyama needed to be filed in order for recovery under 15 GCA § 2355. A closer look at 15 GCA §§ 2115 and 2627 however, reveals that the court has jurisdiction over complaints concerning embezzlement or fraudulently disposing of any property of the decedent. Those sections provide,

**§ 2115. Revocation of Personal Representative's Letters for Cause; Notice; Procedure.**

(a) Whenever the Superior Court of Guam has reason to believe, whether from its own knowledge or from credible information received, that the personal representative or all co-personal representatives . . . (4) have wasted, embezzled or mismanaged the property of the estate committed to their charge, or (5) are about to waste or embezzle the property of the estate committed to their charge . . . the Superior Court shall direct the Clerk of the Superior Court to set the time and place of a hearing thereon, which hearing shall be held not more than thirty (30) days thereafter, and the Superior Court of Guam shall cite such personal representative, or all such co-personal representatives, then and there to appear and show cause why their letters should not be revoked.

**§ 2627. Procedure Against Embezzler of Decedent's Property.**

Upon complaint made under oath by a personal representative or other person interested in the estate of a decedent, that any person is suspected of having embezzled, concealed, smuggled, or fraudulently disposed of any property of the decedent, or has in his possession or has knowledge of any deed, conveyance, bond, contract, or other writing, which contains evidence of or tends to disclose the right, title, interest or claim of the decedent to any real or personal property, or any claim or demand, or any lost will, the Superior Court of Guam may cite the suspected person to appear before the Superior Court of Guam, and may examine the suspected person on oath upon the matter of such complaint. If the suspected person is found innocent, his necessary expenses must be allowed him out of the estate.

15 GCA §§ 2115, 2627. In the instant case, Mr. Maruyama and Mr. Clark made a complaint

ORIGINAL

alleging that Mrs. Candoleta embezzled and fraudulently disposed of estate property.[4] Thus, the court had jurisdiction regarding the complaint pursuant to 15 GCA §§ 2115 and 2627.

With regards to Rule 60(b)(6), the court denies Mrs. Candoleta relief because she had the opportunity to present evidence. On May 11, 2009, the court ordered Mrs. Candoleta to show cause why she should not be removed as Adminisratrix based on the allegations of embezzlement and fraud. The court also ordered Mrs. Candoleta to file any opposition to Mr. Mauyama's request for remedial relief and provide the court with a complete and verified accounting of all estate assets.[5] A hearing on the matter was held on June 2, 2009. Mrs. Candoleta appeared with counsel and consented to her removal. She did not present any evidence in her defense and consented to an order to provide an accounting of all charges and expenses regarding Unit 101. The court finds the matter has already been litigated on the issue of embezzlement and the court extended the time for her to file her accounting.[6] There is substantial evidence supporting the court's order. Therefore, Mrs. Candoleta is not entitled to relief of the court's August 18, 2009 decision and order.

**November 5, 2010 Order and February 14, 2011 Abstract of Judgment**

The court denies Mrs. Candoleta's remaining motions with regards to the court's November 5, 2010 order assessing a penalty of $236,000.00 against Mrs. Candoleta and the

---

[4] Tamio S. Clark is the present Administrator for the Estate.

[5] The court also ordered Mrs. Candoleta to provide it with an accounting of all transactions she has undertaken with respect to estate's property, all rental proceeds derived from the rental of Unit 101, and vouchers for all payments made on account of the estate.

[6] Mrs. Candoleta finally filed an accounting with the court on Sepember 10, 2009. The filing supports the claims by the heirs of wrongful conduct by Mrs. Candoleta.



abstract of judgment issued by the Clerk of Court on February 14, 2011. As mentioned earlier, the findings and orders are interrelated with each other. The only way the court could reconsider its November 5, 2010 order or its February 14, 2011 abstract of judgment is by granting Mrs. Candoleta relief from August 18, 2009 decision and order. Because Mrs. Candoleta's request for relief regarding that decision and order has been denied, the court also denies her requests for relief of the November 5, 2010 order and the February 14, 2011 abstract of judgment.

## CONCLUSION

Based on the foregoing, the court hereby DENIES Mrs. Candoleta's motions for reconsideration.

SO ORDERED, this _30_ day of _March_ 2012.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

ORIGINAL